**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore E. Coit, Jr., | No. CV-10-0436-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sutton Funding LLC, et al., | |
| Defendants. | |

On March 24, 2010, Defendants Sutton Funding LLC and HomEq Servicing have filed a motion to quash lis pendens. Dkt. #7. Plaintiff has filed two motions for extension of time. Dkt. ##12, 17. The Court will deny the motions for extension of time. *Id.*

Plaintiff shall file any response to the motion to quash lis pendens on or before **April 30, 2010**.

Currently, Defendants' motion to dismiss is pending before the Court. Dkt. #8. Under Local Rule of Civil Procedure 7.2(c) ("Local Rules"), Plaintiff had until April 14, 2010 to file a response to the motion to dismiss. Plaintiff has failed to file a response. Plaintiff shall file a response to the motion to dismiss on or before **April 30, 2010**.

Plaintiff's attention is directed to Local Rule 7.2(i), which provides, in pertinent part:

> If a motion [or opposition] does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.

Pursuant to Local Rule 7.2(i), the Court may deem Plaintiffs' failure to substantially comply

with the requirements of Local Rule 7.2 or his failure to timely respond a consent to the granting of the Defendants' motions. *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (holding that Arizona district court did not err in summarily granting defendants' motion for summary judgment pursuant to former Local Rule 11(i) where pro se plaintiff failed to respond to motion after district court had warned plaintiff that it would deem his failure to respond a consent to granting of motion); *United States v. Warren*, 601 F.2d 471, 472-74 (9th Cir. 1979) (holding that Arizona district court did not err in summarily dismissing indictments pursuant to local rule where government failed to respond to motions to dismiss indictments); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to respond to motion but failed to do so and, citing *Warren*, stating that "[f]ailure to follow a district court's local rules is a proper ground for dismissal"); *United States v. $22,474 in U.S. Currency*, 55 F. Supp. 2d 1007, 1011 (D. Ariz. 1999) (citing former Rule 1.10(i) and stating that failure to comply with Local Rules "would be grounds upon which to summarily grant the Government's motion to dismiss").

If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that district court did not abuse its discretion in dismissing the pro se plaintiff's complaint for failing to comply with a court order). Rule 41(b) further provides: "Unless the [C]ourt in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."

**IT IS SO ORDERED:**

1. Plaintiff's motions for extension of time (Dkt. #12, Dkt. #17) are **denied**.
2. Plaintiff shall file a response to the motion to quash (Dkt. #7) on or before **April 30, 2010**.

3. Plaintiff shall file a response to the motion to dismiss (Dkt. #8) on or before **April 30, 2010**.

DATED this 23rd day of April, 2010.

_____
David G. Campbell
United States District Judge