**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore E. Coit, Jr., | No. CV-10-0436-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sutton Funding LLC, et al., | |
| Defendants. | |

On March 24, 2010, Defendants Sutton Funding LLC and HomEq Servicing Corporation[1] filed a motion to quash *lis pendens*. Dkt. #7. On March 31, 2010, Defendants filed a motion to dismiss Plaintiff Theodore E. Coit, Jr.'s complaint with prejudice. Dkt. #8. On April 26, 2010, Plaintiff filed an amended complaint (Dkt. #25) and on May 3, 2010, Plaintiff filed a response to the motion to quash and the motion to dismiss (Dkt. #27). Plaintiff has also filed a motion for production, inspection and copying. Dkt. #22. For reasons that follow, the Court will strike Plaintiff's amended complaint (Dkt. #25), grant the motion to quash (Dkt. #7), grant the motion to dismiss (Dkt. #8), and deny the motion for production, inspection and copying (Dkt. #22) as moot.[2]

---

[1] Plaintiff sued HomEq Servicing Corporation, but Defendants contend that Plaintiff intended to sue Barclays Capital Real Estate Inc., which does business under the HomEq name. *See* Dkt. #27 at 1. For purposes of this Order, the Court will refer to this Defendant as HomEq.

[2] The requests for oral argument are denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group,*

## I. Background.

In June of 2007, Don A. Poulsen executed a Deed of Trust on the property at 11028 N. Buffalo Drive, Fountain Hills, AZ 85268. Dkt. #9-1 at 1. In October of 2007, Plaintiff received the property from Poulsen through a Grant Deed. Dkt. #9-2 at 1-2. On July 15, 2008, the property was sold at a public auction to Defendant Sutton. Dkt. #9-3 at 1-2.

On July 14, 2008, Plaintiff filed an action in Maricopa County Superior Court against Sutton and HomEq over the sale and foreclosure of the property. *See Coit v. Sutton Funding LLC*, CV2008-016643. On March 25, 2009, Plaintiff filed an action in this Court against Sutton and HomEq for claims arising out of the sale of the same property ("the 2009 action"), which ended in dismissal with prejudice. *See Coit v. Sutton Funding LLC*, No. 09-CV-0597-NVW, Dkt. #1. On February 26, 2010, Plaintiff filed the present action against Sutton and HomEq, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and seeking damages of $773,000. Dkt. #1. Plaintiff recorded a *lis pendens* on the property in the Maricopa County Recorder's Office on March 1, 2010. Dkt. #7-7 at 2-3. The *lis pendens* is the ninth Plaintiff has filed on this property. *See* Dkt. #7 at 8 (listing eight other *lis pendens* filings).

## II. The Amended Complaint.

Under Rule 15(a)(1), a party may amend his pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). In all other cases, a party may amend his pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2).

In this case, Defendants Sutton and HomEq – the only Defendants named in the original complaint – filed a motion to dismiss pursuant to Rule 12(b) on March 31, 2010. Dkt. #8. This means that Plaintiff had 21 days from March 31, 2010 to amend his pleading as a matter of right. Fed. R. Civ. P. 15(a)(1)(A)-(B). Plaintiff filed his amended complaint

---

*Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

on April 26, 2010 – 26 days after Defendants filed the motion to dismiss. Dkt. #25. Plaintiff did not receive Defendants' consent or leave of court before filing the amended complaint. As a result, Plaintiff's amended complaint was not timely. Fed. R. Civ. P. 15(a)(2).

Although courts liberally grant leave to amend pursuant to Rule 15, the policy in favor of amendments is subject to limitations. The United States Supreme Court has established that motions to amend should not be granted if there has been (1) undue delay, (2) bad faith or dilatory motives on the part of the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Several of these factors weigh against granting Plaintiff leave to amend. This is Plaintiff's third lawsuit based on the sale and foreclosure of the property. Plaintiff has recorded nine separate *lis pendens* on the property. Dkt. #7 at 3. Defendants have been required to defend themselves in three separate actions and against three different complaints, all arising from the same operative facts. Currently, the property is set to be purchased by a buyer, "but the closing has been delayed" and is still being delayed "because of Plaintiff's recorded *lis pendens*." Dkt. #7 at 2. Any further delay is prejudicial to Defendants as it may cause the potential buyer to walk away. Moreover, it seems likely that Plaintiff's claims have been brought to cause delay. The Court concludes that leave to amend should be denied because of undue delay, dilatory motives, and undue prejudice to Defendants. Because Plaintiff's amended complaint was untimely and leave to amend will not be granted, the operative complaint in this case is the original complaint against Sutton and HomEq for violation of the FDCPA.

**III. Motion to Dismiss.**

Defendants have filed a motion to dismiss on the ground that Plaintiff's claims are barred by the doctrine of res judicata. "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) a privity between parties." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation and citation omitted). Defendants argue that all three requirements are met here.

1    An identity of claims exists when two suits arise from the same transactional nucleus of facts. *Id.* "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* at 1078. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Id.* (quoting *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)). This case arises out of the same nucleus of facts as the 2009 action – "facts surrounding foreclosure of the property[.]" Dkt. #8 at 3-4. As a result, Plaintiff's claim for violation of the FDCPA could have been brought in the 2009 action.

As to the second element, the Ninth Circuit has held that "a dismissal with prejudice has a res judicata effect" because it is "on the merits." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (internal quotations and citations omitted). Defendants argue that the 2009 action has res judicata effect because it was dismissed with prejudice on June 15, 2009. *Coit*, No. 09-CV-0597-NVW, Dkt. #14. The Court agrees and finds this element satisfied.

The third element of privity exists when "several parties in both actions are identical[.]" *Tahoe-Sierra*, 322 F.3d at 1081. The parties in this case – Sutton, HomEq, and Plaintiff – are identical to the parties in the 2009 action.

Plaintiff argues that res judicata does not apply because he "never was allowed to have his day in court to completely adjudicate the merits of Plaintiff's claim for relief." Dkt. #27 at 3. He also argues that res judicata is inappropriate because "[t]here are parties in this action that were not involved in the previous action." *Id.* at 4.

As to his first argument, Plaintiff was given his day in court in the 2009 action and yet failed to respond to the motion to dismiss in a timely fashion. If Plaintiff lacked his day in court, it was only because he chose not to litigate his case. As to Plaintiff's second argument, there are no parties in this action that were not involved in the 2009 action. The only two parties named in the complaint are Sutton and HomEq, both of which were named in the 2009 action. *See* CV09-00597-PHX-NVW, Dkt. #1. Plaintiff sought to add two additional parties in his amended complaint, but these proposed Defendants are not part of the pending

action as the amended complaint is not operative.[3] Because Plaintiff's claims are barred by res judicata, the Court will dismiss this action.

**IV. Dismissal with Prejudice.**

Defendants ask the Court to dismiss this action with prejudice. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In making a determination whether to dismiss with prejudice, the Court should consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* These factors are essentially the same as those considered above for denying leave to amend. For reasons explained above, the Court concludes that several of these factors are present, including undue delay, dilatory motives, and undue prejudice to Defendants. The Court accordingly finds that dismissal with prejudice is appropriate.

Moreover, Plaintiff's claims are barred by res judicata. That doctrine would apply to any claims Plaintiff might assert against Defendants arising out of the 2008 sales transaction. Defects in the complaint could not be cured by amendment.

**IV. Motion to Quash.**

Defendants argue that the Court should quash the *lis pendens* on the property which Plaintiff filed in this case. *See* Dkt. #5. Under Arizona law, a notice of *lis pendens* may be recorded "[i]n an action affecting title to real property[.] A.R.S. § 12-1191. Because the Court is dismissing the pending action with prejudice, it will also quash the *lis pendens*.

Defendants also ask the Court to impose "statutory sanctions" against Plaintiff pursuant to A.R.S. § 33-420(A), which states that "[a] person purporting to claim an interest

---

[3] Moreover, the two parties that Plaintiff sought to add are (1) Barclays, which, according to Defendants, is HomEq's proper name, and (2) Equifirst Corporation, which Plaintiff believes is the owner of Sutton. Dkt. #25 at 1-2. Thus, even if these entities were in the case, there likely would be an identity of parties.

in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars[.]" Defendants have not filed a counterclaim against Plaintiff pursuant to A.R.S. § 33-420(A), and the statute does not provide for sanctions. As a result, the Court will deny the request for "statutory sanctions."

**V. Motion for Production, Inspection and Copying.**

Because the Court will dismiss this action with prejudice, the Court will deny Plaintiff's motion for production, inspection and copying. Dkt. #22.

**IT IS ORDERED:**

1. Defendants' motion to quash *lis pendens* (Dkt. #7) is **granted**.
2. Defendants' motion to dismiss with prejudice (Dkt. #8) is **granted**.
3. Plaintiff's motion for production, inspection, and copying (Dkt. #22) is **denied**.
4. Plaintiff's amended complaint (Dkt. #25) is **stricken**.
5. The Clerk of Court shall terminate this action.

DATED this 21st day of May, 2010.

_____
David G. Campbell
United States District Judge