**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore E. Coit, Jr., | No. CV-10-0436-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sutton Funding LLC, et al., | |
| Defendants. | |

On May 24, 2010, this Court dismissed Plaintiff Theodore E. Coit, Jr.'s complaint against Defendants Sutton Funding, LLC, HomEq Servicing Corporation, Equifirst Corporation, and Barclays Capital Real Estate, Inc. with prejudice. Dkt. #31. On May 25, 2010, Plaintiff filed a request for sanctions against Defendants Sutton Funding and Barclays "for violations of the Fourteenth Amendment of the United States Constitution of Plaintiff's Due Process Rights." Dkt. #33 at 1. Plaintiff contends that Defendants deprived him of his due process rights by refusing to provide him with discovery necessary for this Court "to make a fair and just ruling on the merits of this action." *Id.* at 2. Plaintiff further contends that Defendants improperly asked the Court "to make a ruling that would deprive the Plaintiff of Plaintiff's property rights based on hearsay evidence which would be another abuse of Plaintiff's Due Process Rights." Defendants oppose the request for sanctions. Dkt. #34.

Plaintiff argues that Defendants should be sanctioned for violating his due process rights because they failed to cooperate with his requests for discovery. Defendants, in response, argue that they did not violate Plaintiff's due process rights because discovery was

1 never authorized in this case. *Id.* at 2-3. They argue that, because no Rule 26(f) conference 2 was ever held in this case, discovery was not proper. *Id.* (citing Rule 26(f)). The Court 3 agrees. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery 4 from any source before the parties have conferred as required by Rule 26(f)[.]" In this case, 5 there was no Rule 26(f) conference and, as a result, discovery was not authorized. Because 6 discovery was not authorized, Defendants could not have violated Plaintiff's rights by failing 7 to comply with his premature requests for discovery.

Plaintiff also argues that Defendants should be sanctioned because they asked the Court to consider hearsay evidence in ruling on the motion to quash lis pendens. Dkt. #33 at 2. Plaintiff argues that, by presenting evidence that a sale of the property was pending and would be completed if the lis pendens was quashed, Defendants deprived him of his due process rights. Defendants, in response, argue that their motion to quash lis pendens was based on a sworn declaration signed under penalty of perjury and that, as a result, the evidence was proper for the Court to consider. Dkt. #34 at 3. Plaintiff does not respond to this argument. Plaintiff further does not explain why Defendants should be sanctioned for filing such evidence with the Court. As a result, the Court will not sanction Defendants.

**IT IS ORDERED** that Plaintiff's request for sanctions (Dkt. #33) is **denied**.

DATED this 22nd day of June, 2010.

_____
David G. Campbell
United States District Judge